

FILED
MAR 19 2018
Clerk, U S District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| FARNUM ALSTON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE SERVICES, INC., OPTUMRX, INC., AND JOHN/JANE DOES 1-10<br><br>　　　　　Defendants. | No. CV 17-81-BU-SEH<br><br>**MEMORANDUM AND ORDER** |

## Introduction

Plaintiff filed a Verified Complaint and Jury Demand in the Montana Eighteenth Judicial District Court on October 4, 2017.[1] Defendants removed to this Court on November 3, 2017.[2] An Amended Complaint was filed on November 30, 2017.[3]

Allegations in the Amended Complaint included: (1) that Plaintiff obtained supplemental "Medicare Part D Benefits" from Defendant United Healthcare

---

[1] *See* Doc. 1-1 at 4.

[2] *See* Doc. 1.

[3] *See* Doc. 8.

Services ("UHS"), and its administrator, OptumRx ("Optum");[4] (2) that UHS, Optum, and unnamed Defendants (collectively "Defendants") failed to make a timely decision denying or approving coverage for the drug Zyvox, thereby exacerbating Plaintiff's infections and leading to the partial amputation of his feet;[5] and (3) that Defendants improperly denied coverage for Zyvox when it should have been apparent that it was covered under the Part D plan.[6]

The Amended Complaint pleaded five causes of action: (1) Negligence; (2) Intentional/negligent infliction of emotional distress; (3) Professional negligence; (4) Respondeat superior; and (5) Breach of Contract.[7] Defendants moved to dismiss on December 14, 2017.[8] The motion is opposed.[9]

## Discussion

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a plaintiff lacks a "cognizable legal theory" to support a legal claim.[10] A state law

---

[4] Doc. 8 at 3.

[5] *See* Doc. 8 at 14-17.

[6] *See* Doc. 8 at 15-16

[7] *See* Doc. 8 at 19-23.

[8] *See* Doc. 9.

[9] *See* Doc. 9 at 2.

[10] *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 898 (9th Cir. 2017) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

claim is to be dismissed for failure to state a claim if it is preempted by federal law.[11] The Court must "assume the facts alleged as true" when deciding a rule 12(b)(6) motion to dismiss.[12] Claims are to be dismissed if pleaded allegations are insufficient on their face to invoke federal jurisdiction.[13] Failure to exhaust administrative remedies may be asserted as a barrier to jurisdiction.[14]

**Plaintiff's state law claims are expressly preempted**

The Part D Voluntary Prescription Drug Benefit Program ("Part D") is provided for in 42 U.S.C. § 1395w-101 *et seq*. It was implemented by the Medicare Prescription Drug Improvement and Modernization Act of 2003 (the "Medicare Act"). Under Part D, insurers contract with the Centers for Medicare and Medicaid Services ("CMS") to provide prescription drug coverage for medicare beneficiaries.[15]

The Medicare Act applied an existing express preemption provision from

---

[11] *See Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134 (9th Cir. 2010); *See also Nat'l Fed'n of the Blind v. United Airlines Inc.*, 813 F.3d 718 (9th Cir. 2016).

[12] *Campie*, 862 F.3d at 898.

[13] *See* Fed. R. Civ. Pro. 12(b)(1); *See also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[14] *See Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015).

[15] *See Uhm*, 620 F.3d at 1137-38.

Part C to Part D plans:[16]

> (3) Relation to State laws
> The standards established under this part shall supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to [Part D] plans which are offered by [Part D] organizations under this part.[17]

The Ninth Circuit has interpreted 42 U.S.C. § 1395w-26(b)(3) to preempt state common law and statutory claims,[18] particularly if the state standard: (1) falls within a specified category of Medicare Act standards; and (2) is inconsistent with the federal standards.[19]

In *Uhm*, plaintiffs enrolled in Part D coverage with defendant and paid premiums.[20] When the coverage start-date arrived, defendant informed plaintiffs that they were not recognized members.[21] Plaintiffs sued, *inter alia*, for violation of state consumer protection statutes and for common law fraud.[22] The circuit held

---

[16] *See* 42 U.S.C. § 1395w-112(g) (West 2011); *See also* 42 U.S.C. § 1395w-26(b)(3).

[17] 42 U.S.C. § 1395w-26(b)(3). "Part D" is inserted in place of "MA" to reflect the effect of 42 U.S.C. § 1395w-112(g) on this provision. *See also* 42 C.F.R. § 423.440(a) (2015).

[18] *See Uhm*, 620 F.3d at 1155.

[19] *See Uhm*, 620 F.3d at 1150, 1156.

[20] *See Uhm*, 620 F.3d at 1138-39.

[21] *See Uhm*, 620 F.3d at 1138-39.

[22] *See Uhm*, 620 F.3d at 1139.

4

both claims were preempted.²³ It emphasized that application of state law standards would "undermine CMS's ability to create its own standards for what constitutes 'misleading' information about Medicare Part D."²⁴ In this case, Plaintiff's state common law claims grounded upon claimed lack of timeliness of Defendants' determination of coverage are, likewise, preempted by the Medicare Act.

**Negligence claim expressly preempted.**

Plaintiff's first cause of action, negligence, is summed up by the allegation that "defendants breached their duty to conduct a reasonable investigation based on all available information and affirm or deny coverage within a reasonable time under the circumstances after the prior approval request."²⁵ The claim is preempted.

Medicare regulations govern the timeliness of coverage determinations for prescription drugs.²⁶ Part D establishes specific time limits for decisions on

---

²³ *See Uhm*, 620 F.3d at 1150-53, 1156-57.

²⁴ *Uhm*, 620 F.3d at 1152, 1157; *See also Shakespeare v. SCAN Health Plan, Inc.*, No: 3:17-cv-568-BTM-MDD, 2018 WL 340422 at *5-6 (S.D. Cal. January 8, 2018) and *Rudek v. Presence Our Lady of the Resurrection Med. Ctr.*, No. 13 C 06022, 2014 WL 5441845 at *6 (N.D. Ill. Oct. 27, 2014).

²⁵ Doc. 8 at 20.

²⁶ *See* 42 C.F.R. § 423.566.

particular types of drug coverage requests.[27] A process for redetermination and for grievance procedures if insurers fail to comply is also provided for by regulation.[28]

A state law-based decision, turning on reasonableness under the circumstances, would be inconsistent with the specific federal standards.[29] Any state law claim requiring such a decision is expressly preempted.

Plaintiff's negligence claim is based on an untimely coverage decision. It is grounded in the concept of what a "reasonable time under the circumstances" would be under Montana law.[30] It conflicts with the Medicare Act's applicable regulation program. The negligence claim is expressly preempted.

**Professional Negligence and Respondeat Superior claims expressly preempted.**

Plaintiff's third cause of action, professional negligence, is grounded in allegations against unnamed defendants, who are pharmacists employed by UHS and Optum. It asserts the unnamed defendants had "a duty to use the ordinary care

---

[27] *See* 42 C.F.R. § 423.568(b) (72 hour time limit for standard coverage determinations); *see also* 42 C.F.R. § 423.572(a) (24 hour time limit for expedited coverage determinations); *see also* 42 C.F.R. § 423.570(c) (procedures required for compliance with time limits).

[28] *See* 42 C.F.R. §§ 423.590, 582, 584, 564.

[29] *See Fisher v. Swift Transp. Co.*, 181 P.3d 601, 606 (Mont. 2008).

[30] Doc. 8 at 20; *See Fisher*, 181 P.3d at 606.

and diligence usually exercised and possessed by members of the profession."[31] It further alleges that the unnamed "defendants failed to make a timely decision on coverage . . . in a situation they knew [or] should have known was an emergency based on the type of medication prescribed and other information that was available."[32] Whether a defendant breached a professional duty depends, under Montana law, on the standard of care applicable to the profession, as established by an expert witness in that field.[33]

The professional negligence claim, based in part on the timeliness of unnamed defendants' coverage decisions, is preempted by the Medicare Act for the same reasons as the general negligence claim. Standards specifically established by the Medicare Act regulations are inconsistent with the state common law. A ruling based on the state law standard would be at variance with the standards applicable to Part D insurers across the states and undermine CMS's ability to regulate Part D insurers and enforce Medicare Act regulations. The professional negligence claim is preempted.

Plaintiff's respondeat superior cause of action, based solely on the

---

[31] Doc. 8 at 22.

[32] Doc. 8 at 22.

[33] *See Dulaney v. State Farm Fire & Cas. Ins. Co.*, 324 P.3d 1211, 1214 (Mont. 2014)

professional negligence of the unnamed defendants, is likewise subject to dismissal due to preemption of the underlying negligence claims.

**Infliction of emotional distress claims preempted.**

Plaintiff's second cause of action, intentional/negligent infliction of emotional distress, alleges "deliberate indifference to the high degree of harm that would befall Alston if an immediate decision was not made with respect to the prior approval request."[34]

At bottom, these claims rest on the notion that Defendants failed, either negligently or intentionally, to render an "immediate" coverage decision. The express preemption provision of the Medicare Act is plainly inconsistent with an "immediate decision" standard, and the infliction of emotional distress claims are thus expressly preempted.

**Breach of Contract Claim expressly preempted.**

Plaintiff's fifth cause of action, breach of contract, is based on the allegations that Plaintiff contracted with Defendants for "timely claims management" services, that Defendants "denied Alston's claim for Zyvox in October 2015 when they should have covered it, according to their own criteria," and that Defendants "failed to handle Alston's claims in a timely manner, a benefit

---

[34] Doc. 8 at 21.

Alston had bargained for."[35]

The breach of contract claim, based in part on how much time Defendants took to render a coverage decision, is preempted. As stated above, the time frames for standard and expedited coverage are specifically set forth in the Medicare Act regulations.[36] Even accepting as true the allegation that rendering coverage decisions in "a timely manner" was "a benefit Alston had bargained for," such a contract term, if enforced, would be inconsistent with the specific timeliness standards applicable to all Part D plans. The breach of contract claim is expressly preempted.

**Defendants' alleged URAC accreditation and other industry standards inapplicable.**

Plaintiff argues that Defendants' state law-based tort and contract duties owed to Plaintiff are to be defined by "URAC" and industry best practice standards assumed by Defendant.[37] Such standards as alleged are facially inconsistent with Medicare Act standards,[38] are thus preempted by the Medicare Act, and have no application in this case.

---

[35] Doc. 8 at 23.

[36] *See* 42 C.F.R. § 423.568(b); 42 C.F.R. § 423.572(a).

[37] *See* Doc. 12 at 14-15; *see also* Doc. 8 at 20-23.

[38] *Compare* Doc. 8 at 5-9, *with* 42 C.F.R. § 423.568(b), *and* 42 C.F.R. § 423.572(a).

9

## Wrongful denial of coverage claim not within Court's subject-matter jurisdiction.

The "'sole avenue for judicial review' for claims 'arising under' the Medicare Act" is exhaustion of the administrative process and a final decision by the Secretary of the Department of Health and Human Services.[39] Exhaustion of the Medicare Act's administrative processes is a prerequisite to federal court jurisdiction.[40] Here, Plaintiff makes no contention that he complied with exhaustion requirements. He argues, instead, that exhaustion is not required.

A claim "arises under" the Medicare act when it is "'inextricably intertwined' with a claim for Medicare benefits."[41] Such is the case here. Plaintiff's breach of contract claim asserts, regardless of the label, what is essentially a claim for benefits.[42] It plainly "arises under" the Medicare Act. Failure to comply with the exhaustion requirement of the Medicare Act is fatal. The claim must be dismissed.

---

[39] *Uhm*, 620 F.3d at 1140 (citing *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984)); *see also* 42 U.S.C. § 405(g) and (h); *Uhm*, 620 F.3d at 1140 (citing *Heckler v. Ringer*, 466 U.S. 602 (1984)).

[40] *See Uhm*, 620 F.3d at 1140.

[41] *Uhm*, 620 F.3d at 1141-42 (citing *Heckler*, 466 U.S. at 614-15).

[42] Doc. 8 at 23 ("UHC and OptumRx denied Alston's claim for Zyvox in October 2015 when they should have covered it, according to their own criteria."); *See also Uhm*, 620 F.3d at 1144.

## Conclusion

The state law-based claims are preempted. Any wrongful denial of coverage claim is barred by failure to exhaust administrative remedies.

ORDERED:

1. Defendants' Motion to Dismiss[43] is GRANTED. This action is dismissed

2. The clerk is directed to enter judgment in favor of the Defendants and close the case.

DATED this 19th day of March, 2018.

SAM E. HADDON
United States District Judge

---

[43] Doc. 9.